UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT HARGROVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV2029 LMB |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, and Supplemental Security Income benefits under Title XVI of the Act. Currently pending is Defendant's Motion to Reverse and Remand with Suggestions in Support. (Document Number 22). Plaintiff has filed a Response to defendant's motion. (Doc. No. 23).

In his motion, defendant requests that the court reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states that, upon receipt of the court's remand order, the Appeals Council of the Social Security Administration will remand this case to an ALJ, who will be directed to re-contact Raymond Wee, M.D., for his treatment notes; consider the Visual Impairment Residual Functional Capacity Questionnaire from Dr. Wee, and explain the weight afforded to it; and resolve the inconsistency between the ALJ's RFC finding, which includes no visual limitations, and the ALJ's finding that diabetic retinopathy is a "severe" impairment at step two of the sequential evaluation

process.  Defendant requests that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision.  See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in his motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand with Suggestions in Support (Doc. No. 22) be and it is **granted**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner be **reversed** and this case be **remanded** to the Commissioner for further proceedings pursuant to sentence four of § 405(g) for those reasons set forth in this Memorandum and Order.  A separate written judgment will be entered in favor of the plaintiff and against the defendant.

Dated this   26th   day of June, 2012.

                                                /s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE